IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANEL HODZIC, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : | FILED ELECTRONICALLY |
| v. | : : | ON JULY 23, 2015 |
| FEDEX PACKAGE SYSTEM, INC., | : : | COLLECTIVE ACTION |
| Defendant. | : : : | JURY TRIAL DEMANDED |

## **COMPLAINT – COLLECTIVE ACTION**

Plaintiff Sanel Hodzic ("Plaintiff") brings this collective action lawsuit against Defendant FedEx Package System, Inc. ("Defendant") to recover for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## **JURISDICTION AND VENUE**

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in proper under 28 U.S.C. § 1391(b)(2).

## **PARTIES**

3. Plaintiff is an individual residing in Pittsburgh, PA (Allegheny County).

4. Defendant is a corporate entity headquartered in Coraopolis, PA (Allegheny County).

5. Defendant employs individuals, including Plaintiff, who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

6. Defendant is an employer covered by the FLSA.

## FACTS

7.     Defendant operates a package delivery business servicing customers throughout the United States.

8.     Defendant employs thousands of package delivery drivers within the United States who: (a) work pursuant to a Standard Contractor Operating Agreement; (b) drive, in whole or in part, vehicles weighing 10,000 pounds or less; and (c) are not classified by Defendant as Independent Service Providers. These individuals are referred to herein as "Non-ISP Drivers."

9.     Plaintiff has been employed by Defendant within this judicial district as a Non-ISP Driver since approximately September 2013.

10.    In an effort to avoid paying taxes and other employee benefits, Defendant classifies Plaintiff and other Non-ISP Drivers as independent contractors rather than employees. However, based on the economic realities of the relationship between Defendant and Non-ISP Drivers, it is clear Non-ISP Drivers actually are "employees" for purposes of FLSA coverage. *Cf In re: Fedex Ground Package System, Inc. Employment Practices Litig.*, __ F.3d __, 2015 U.S. App. LEXIS 11770 (7th Cir. July 8, 2015) (Defendant's drivers are employees under Kansas wage laws); *Slayman v. FedEx Ground Packaging System, Inc.*, 765 F.3d 1033 (9th Cir. 2014) (Defendant's drivers are employees under Oregon wage laws); *Alexander v. FedEx Ground Packaging System, Inc.*, 765 F.3d 981 (9th Cir. 2014) (Defendant's drivers are employees under California wage laws). This is because, *inter alia*: (a) Defendant micromanages the manner in which Non-ISP Drivers perform their work, leaving them with little independent discretion or control over their jobs; (b) Non-ISP Drivers have virtually no opportunity for profit or loss depending upon their managerial skill; (c) the services rendered by Non-ISP Drivers do not require any special skills beyond those easily obtained through routine

on-the-job training; (d) Non-ISP Drivers hold permanent positions and cannot realistically pursue other business opportunities; and (e) the services rendered by Non-ISP Drivers are an integral part of Defendant's business.

11. Defendant generally pays Plaintiff and other Non-ISP Drivers on a job-rate basis whereby they receive a pre-determined payment for each delivery.

12. Plaintiff and other Non-ISP Drivers regularly work over 40 hours per week. For example, Plaintiff estimates that he worked between approximately 50 and approximately 60 hours during a typical week, and often exceeds 60 hours during the busiest seasons.

13. Defendant does not pay Plaintiff and other Non-ISP Drivers any overtime premium compensation for hours worked over 40 per week.

14. Defendant's failure to pay the overtime premium to Plaintiff and other Non-ISP Drivers has been done knowingly and in reckless disregard of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all Non-ISP Drivers, as defined in paragraph 8 above, who performed services for Defendant during any time within the past three years.

17. Plaintiff and above collective are "similarly situated," as that term is defined in 29 U.S.C. § 216(b) and the associated caselaw, because, *inter alia*, they all worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not paid the legally mandated overtime premium.

## COUNT I

18. All previous paragraphs are incorporated as though fully set forth herein.

19. The FLSA requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked over 40 in a workweek, *see* 29 U.S.C. § 207(a)(1), and employees paid on a job-rate basis are entitled to such overtime premium pay, *see*, *e.g.*, 29 C.F.R. § 778.112.

20. Plaintiff and other Non-ISP Drivers are employees entitled to the FLSA's protections and benefits.

21. Defendant is an employer covered by the FLSA.

22. Defendant has willfully and recklessly violated the FLSA with respect to Plaintiff and other Non-ISP Drivers by failing to pay them the required overtime premium.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and other members of the collective:

A. An order permitting this lawsuit to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this lawsuit to all potential class members;

C. Unpaid overtime wages;

D. Liquidated damages and prejudgment interest;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial.

Date: July 23, 2015

Respectfully,

/s/ Peter Winebrake

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Harold L. Lichten*
Shannon Liss-Riordan*
Matthew Thompson*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Robert E. DeRose
Barkan Meizlish, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
(614) 744-2307

Plaintiff's Counsel

* *Pro Hac Vice* Admission Anticipated

# OPT-IN CONSENT FORM

## Sanel Hodzic v. FedEx Ground Package System Inc. d/b/a FedEx Home Delivery

Complete and return to:  Harold L. Lichten, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Fax: (617) 994-5801
kerickson@llrlaw.com

Name: Sanel Hodzic

Address: 2517 Shenandoah Drive

City Pittsburgh          State PA      Zip 15241

Telephone: _____ (home) _____ (work) (412) 450-1300 (cell)

E-Mail: emailme@sanel.me

### CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I have been employed as a delivery driver for FedEx Home Delivery. I consent and agree to pursue my claims in connection with the above-referenced lawsuit arising out my employment.

2. I worked as a delivery driver for FedEx Home Delivery from Sept. 2013 to Current. During the time, I have worked more than forty-hours in certain weeks. I have not been paid overtime (time-and-a-half) for these hours.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action. I hereby designate Lichten & Liss-Riordan, P.C., and Winebrake & Santillo, LLC, to represent me for all purposes in this action.

6. I also designate the named plaintiff(s) in this action, the collective action representative(s), as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs (with the understanding that Plaintiffs' Counsel are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees), and all other matters pertaining to this lawsuit.

Signature: [signed]          Date: July 22, 2015