IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANEL HODZIC and DAMIR MECAN, on behalf of themselves and others similarly situated, | : : : : | |
| Plaintiffs, | : | 15-cv-00956-NBF |
| v. | : : | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | : : : | |
| Defendant. | : : | |

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs (as defined below) and Defendant (as defined below) STIPULATE and

AGREE as follows:

1.   **Definitions.**  The following terms will have the following meanings:

 **"Action"** means the above-captioned lawsuit.

**"Agreement"** means this "Settlement Agreement and Release."

**"Approval Date"** means the date on which the Court enters an order approving the

Settlement as fair, reasonable, and adequate and dismissing the Action with prejudice.

**"Approval Motion"** means the motion to be filed by Plaintiffs' Counsel attaching a copy

of the Agreement and requesting that the Court enter an order approving the Settlement as fair,

reasonable, and adequate and dismissing the Action with prejudice.

**"Court"** means the United States District Court for the Western District of Pennsylvania.

**"Defendant"** means FedEx Ground Package System, Inc.

 **"Parties"** refers jointly to Plaintiffs and Defendant.

**"Payout Amount"** means, for each Plaintiff, the amount listed below and totaling

$83,400.00:

      Sanel Hodzic - $16,923.60;

      Damir Mecan - $19,480.93;

      Theodore Guminey - $10,814.30;

      Donald King - $2,039.83;

      Gregory Kozak - $16,467.00;

      Zarko Mirkovic - $7,873.64; and

      Srdjan Sumar - $9,800.70.

Included in the Payout Amounts for Plaintiffs Sanel Hodzic and Damir Mecan are extra service awards of $5,500.00 each.  These proposed service awards are discussed in paragraph 6, below. After the proposed service awards for Plaintiffs Hodzic and Mecan are backed out, three-fourths (3/4) of each Payout Amount shall be designated as consideration for settlement of Plaintiffs' FLSA claims, and the remaining one-fourth (1/4) shall be designated as consideration for settlement of all other claims covered by the Release defined at paragraph 4, below.  These Payout Amounts to Plaintiffs will be enhanced *pro rata* if the Court disapproves any portion of the extra service award payments to Originating Plaintiffs Sanel Hodzic and Damir Mecan or Plaintiffs' Counsel's requested attorney's fees and expenses.

      **"Plaintiffs"** mean the following seven (7) individuals: Sanel Hodzic; Damir Mecan; Theodore Guminey; Donald King; Gregory Kozak; Zarko Mirkovic; and Srdjan Sumar.

      **"Plaintiffs' Counsel"** means Lichten & Liss-Riordan. P.C., Winebrake & Santillo, LLC, and Barkan Meizlish, LLP.

      **"Released Parties"** means Defendant and any of its parents, franchisors, partners, subsidiaries, affiliated corporations or other related entities, predecessors, successors, and each

of their respective past, present and future agents, employees,  heirs,  third-party administrators and insurers, officers, directors, stockholders, executors, partners, assigns, representatives, servants, and attorneys, or other persons or entities acting on Defendant's behalf.

**"Settling Plaintiffs"** means Plaintiffs as well as their heirs, agents, attorneys, representatives, executors, administrators, successors, insurers, assigns, and their related or associated business entities through which Settling Plaintiffs have contracted with Defendant to provide pickup and delivery services to Defendant's customers, and the officers, directors, and stockholders of those business entities.

**"Settlement"** means the terms and conditions described in this Agreement.

"Settlement Sum" means the Maximum Settlement Amount described in paragraph 2, below.

2.      **Maximum Settlement Amount.**  Defendant's total payment under this Settlement is $125,000.00, and under no circumstances shall Defendants be required to pay more than this amount in settlement of this Action.

3.      **Condition Precedent.**  This Settlement is conditioned on passage of the Approval Date.

4.      **Release.**  Upon passage of the Approval Date and Defendant's fulfillment of its payment obligations under paragraphs 5-7, Settling Plaintiffs release and forever discharge the Released Parties from any and all claims asserted in the Action, any and all claims asserted in *Clyde E. Woomer, et al. v. FedEx Ground Package System, Inc.,* No. 05-020678, pending in the Court of Common Pleas of Allegheny County, Pennsylvania,  and all other claims, obligations, causes of action, actions, administrative claims, charges, debts, damages, penalties, interest, costs, attorney's fees, judgments, expenses, demands, rights, or liabilities, in law or in equity, of

- 3 -

every kind, nature and description, whether now known or unknown, whether anticipated or unanticipated, contingent or absolute, arising on or prior to the date each Plaintiff executes the Agreement.

5.      **Payments to Plaintiffs.**  In consideration of the complete execution of this Agreement by the Parties, and the covenants and promises in this Agreement, Defendant will, as further provided in this Agreement, pay or cause to be paid the Settlement Sum.  Settling Plaintiffs agree to accept the Settlement Sum in full settlement, accord and satisfaction of the released claims as described in paragraph 4, above.  Within fourteen (14) days of the Approval Date or the complete execution of this Agreement by all of the Plaintiffs, whichever occurs later, Defendant will issue to each Plaintiff who has signed this Agreement a check in the amount of his Payout Amount.  This check will not be subject to any deductions for, *inter alia*, payroll taxes and other withholdings.  Defendant will promptly deliver these checks to Plaintiffs' Counsel for distribution to Plaintiffs.  Defendant also will issue to each Plaintiff an IRS 1099 Form reflecting his Payout Amount and an IRS 1099 Form reflecting his *pro rata* portion of the counsel fees and expenses approved by the Court.  These IRS 1099 Forms will be mailed directly from Defendant to each Plaintiff at the addresses provided by Plaintiffs' Counsel.  Plaintiffs agree to provide counsel for Defendant with completed IRS Forms W-9 on or before the date of execution of this Agreement.  Plaintiffs' are solely responsible for the payment of any taxes associated with these payments.  No portion of the payments is attributable to exemplary or punitive damages although a release of all such claims in the Action is included in this Agreement in consideration of the other promises and covenants in this Agreement.  No representation has been made to Plaintiffs or their attorneys by Defendant regarding the taxability of the Settlement Sum.  Each Settling Plaintiff agrees and represents that he is solely responsible for all of his income tax reporting,

accounting, payment, or other disposition or obligations related to the Settlement Sum.  Settling Plaintiffs agree to indemnify and hold harmless all Released Parties and Plaintiffs' counsel from any claim or taxes relating to the Settlement Sum.

6.      **Extra Service Award Payment to Originating Plaintiffs Sanel Hodzic and Damir Mecan.**  Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of an additional service awards to Originating Plaintiffs Sanel Hodzic and Damir Mecan in the amounts of $5,500.00 each.  These proposed service awards are included in the Payout Amounts provided in paragraph 1, *supra*. The Settlement is ***not*** contingent upon the Court's approval of these additional amounts for Plaintiffs Hodzic and Mecan.

7.      **Payment of Plaintiffs' Counsel's Fees and Expenses.**  Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of fees and expenses of $41,600.00.  This amount is in addition to the Payout Amount to Plaintiffs described in paragraph 1.  The Settlement is ***not*** contingent upon the Court's approval of this amount.  Within fourteen (14) days of the Approval Date or the complete execution of this Agreement by all of the Plaintiffs, whichever occurs later, Defendant will mail to Plaintiffs' Counsel a non-payroll check made payable to Winebrake & Santillo, LLC and equaling any Court-approved fees and expenses. Defendant will issue to Winebrake & Santillo, LLC an IRS 1099 Form reflecting this payment. Winebrake & Santillo, LLC agrees to provide counsel for Defendant with a completed IRS Form W-9 on or before the date of execution of this Agreement.  Plaintiffs' Counsel is solely responsible for the payment of any taxes associated with this payment.  Plaintiffs and Plaintiffs' Counsel agree that the amount approved by the Court will constitute all of the fees and expenses payable by Defendant in this Action and none of the Plaintiffs and none of the attorneys associated with Plaintiffs' counsel will seek any further fees or expenses from Defendant in

connection with this Action.

8.     **Confidentiality.**  Plaintiffs will not communicate or disclose the terms of this Agreement, or the circumstances leading up to this Agreement, to any persons other than a spouse, significant other, immediate family member, attorney, accountant and/or tax consultant, or as otherwise required by law.  Nothing in this paragraph is intended to prohibit Plaintiffs from disclosing that this matter has been resolved without making reference to the terms of this Agreement.  Subject to the foregoing, Plaintiffs may disclose the fact that the Action "has ended" or "is over" and that they "may not discuss the matter further."

9.     **Entire Agreement.**  This Agreement embodies the entire agreement between the Parties and controls over any prior communications.  In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

10.     **Successors.**  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

11.     **No Admissions.**  Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendant denies any wrongdoing and continues to assert that, absent this Settlement, they ultimately would prevail in the Action.

12.     **Court Approval Not Obtained.**  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' claims or the propriety of collective litigation.

13.     **Duty to Defend.**  The Parties and their counsel will support the Agreement against any legal challenge.

14.     **Representations and Warranties.**  This Agreement includes the following

representations and warranties:

      14.1.    Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

      14.2.    Each Plaintiff represents and warrants that he has the sole right and exclusive authority to execute this Agreement and receive the sums specified in it, including without limitation as to any related or associated business entities, including any entity for or through which Plaintiff has provided package pick-up and delivery services.

      14.3.    Each of the Parties has had the opportunity to receive, and has received, independent legal advice from his or its attorneys regarding the advisability of the settlement and executing this Agreement, and has had the opportunity to learn the legal and income-tax consequences of this settlement, and fully understands and accepts the terms of this Agreement.

      14.4.    In executing this Agreement and in making the settlement provided for in it, no Party relies or has relied on any statement, representation, omission, inducement, or promise of any other Party (or any officer, agent, employee, representative, or attorney for any other Party), except as expressly stated in this Agreement.

      14.5.    Each Party has investigated the facts relevant to this settlement and this Agreement, and all matters pertaining to it, to the full extent that each Party deems necessary.

      14.6.    Each of the Parties has participated in the drafting of all provisions of this Agreement, has had an adequate opportunity to read, review and consider the effect of the

language of this Agreement, and has agreed to its terms.

      14.7.   With the exception of this Action and the Woomer case identified in the Release at paragraph 4, above, Plaintiffs represent and warrant that the Releasing Parties do not have any complaints, claims or actions currently pending against Defendant or the Released Parties with any state, federal or local agency, court or other tribunal.

      14.8.   Each of the Parties has carefully read, and knows and understands, the full contents of this Agreement and is voluntarily entering into this Agreement after having had the opportunity to consult with, and having in fact consulted with, his or its attorneys.

      **15.**    **Applicable Law.**  This Agreement is governed by and construed pursuant to Pennsylvania law.

      **16.**    **Written Modifications.**  This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

      **17.**    **No Presumptions.**  Because all Parties have had the opportunity to draft, review and edit this Agreement, no Party will receive the benefit of any presumption that, in cases of uncertainty, the language of a contract should be interpreted against the drafter.

      **18.**    **Headings.**  Headings in this Agreement are included solely for convenience and shall not control the meaning or interpretation of any provision of this Agreement.  Each separately numbered term of this Agreement is contractual, not merely a recital.

      **19.**    **Execution.**  This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

| | |
|---|---|
| _____ | _____ |
| Sanel Hodzic | Date |
| _____ | _____ |
| Damir Mecan | Date |
| _____ | _____ |
| Theodore Guminey | Date |
| _____ | _____ |
| Donald King | Date |
| _____ | _____ |
| Gregory Kozak | Date |
| _____ | _____ |
| Zarko Mirkovic | Date |
| _____ | _____ |
| Srdjan Sumar | Date |

_____          3/24/17
For Lichten & Liss-Riordan. P.C.          Date

_____          _____
For Winebrake & Santillo, LLC          Date

_____          3/27/2017
For Barkan Meizlish, LLP          Date

_____          _____
For FedEx Ground Package System, Inc.          Date

- 9 -

DocuSign Envelope ID: 9A615604-8FD6-4A28-87A7-0AF735453395

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

<br>

| | |
|---|---|
| _____ | _____ |
| Sanel Hodzic | Date |
| _____ | _____ |
| Damir Mecan | Date |
| _____ | _____ |
| Theodore Guminey | Date |
| _____ | _____ |
| Donald King | Date |
| _____ | _____ |
| Gregory Kozak | Date |
| _____ | _____ |
| Zarko Mirkovic | Date |

DocuSigned by:

Srdjan Sumar

CA2E5A1A6A8642D

| | |
|---|---|
| Srdjan Sumar | 3/21/2017 | 7:41 PM EDT |
| | Date |
| _____ | _____ |
| For Lichten & Liss-Riordan. P.C. | Date |

*R. A. St*

| | |
|---|---|
| For Winebrake & Santillo, LLC | 3/27/17 |
| | Date |
| _____ | _____ |
| For Barkan Meizlish, LLP | Date |
| _____ | _____ |
| For FedEx Ground Package System, Inc. | Date |

- 9 -

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

| | |
|---|---|
| _____ | _____ |
| Sanel Hodzic | Date |
| _____ | _____ |
| Damir Mecan | Date |
| _____ | _____ |
| Theodore Guminey | Date |
| _____ | _____ |
| Donald King | Date |
| _____ | _____ |
| Gregory Kozak | Date |
| _____ | _____ |
| Zarko Mirkovic | Date |
| _____ | _____ |
| Srdjan Sumar | Date |
| _____ | _____ |
| For Lichten & Liss-Riordan. P.C. | Date |
| _____ | _____ |
| For Winebrake & Santillo, LLC | Date |
| _____ | _____ |
| For Barkan Meizlish, LLP | Date |
| _____ | 3/23/2017 |
| For FedEx Ground Package System, Inc. | Date |

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

DocuSigned by:

_____          3/24/2017 | 1:03 PM EDT
Sanel Hodzic                              _____
                                          Date

_____          _____
Damir Mecan                               Date

_____          _____
Theodore Guminey                          Date

_____          _____
Donald King                               Date

_____          _____
Gregory Kozak                             Date

_____          _____
Zarko Mirkovic                            Date

_____          _____
Srdjan Sumar                              Date

_____          _____
For Lichten & Liss-Riordan. P.C.          Date

_____          _____
For Winebrake & Santillo, LLC             Date

_____          _____
For Barkan Meizlish, LLP                  Date

_____          _____
For FedEx Ground Package System, Inc.     Date

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

_____          _____
Sanel Hodzic                                                      Date

_____          _____
Damir Mecan                                                     Date

3/21/2017 | 7:12 PM EDT

_____          _____
Theodore Guminey                                            Date

_____          _____
Donald King                                                       Date

_____          _____
Gregory Kozak                                                   Date

_____          _____
Zarko Mirkovic                                                  Date

_____          _____
Srdjan Sumar                                                     Date

_____          _____
For Lichten & Liss-Riordan. P.C.                       Date

_____          _____
For Winebrake & Santillo, LLC                          Date

_____          _____
For Barkan Meizlish, LLP                                   Date

_____          _____
For FedEx Ground Package System, Inc.             Date

- 9 -

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:


_____          _____
Sanel Hodzic                                          Date


_____          _____
Damir Mecan                                           Date

                                                               3/21/2017 | 6:41 PM EDT
_____          _____
Theodore Guminey                                    Date


_____          _____
Donald King                                           Date


_____          _____
Gregory Kozak                                         Date


_____          _____
Zarko Mirkovic                                        Date


_____          _____
Srdjan Sumar                                          Date


_____          _____
For Lichten & Liss-Riordan. P.C.                  Date


_____          _____
For Winebrake & Santillo, LLC                    Date


_____          _____
For Barkan Meizlish, LLP                           Date


_____          _____
For FedEx Ground Package System, Inc.         Date

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

_____          _____
Sanel Hodzic                                                   Date

_____          _____
Damir Mecan                                                   Date

_____          _____
Theodore Guminey                                         Date

*Donald King*                                                  3/23/2017 | 11:34 AM EDT
_____          _____
Donald King                                                    Date

_____          _____
Gregory Kozak                                               Date

_____          _____
Zarko Mirkovic                                               Date

_____          _____
Srdjan Sumar                                                  Date

_____          _____
For Lichten & Liss-Riordan. P.C.                      Date

_____          _____
For Winebrake & Santillo, LLC                        Date

_____          _____
For Barkan Meizlish, LLP                                Date

_____          _____
For FedEx Ground Package System, Inc.           Date

- 9 -

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Sanel Hodzic                                               Date

_____          _____
Damir Mecan                                              Date

_____          _____
Theodore Guminey                                      Date

_____          _____
Donald King                                               Date

_____          3/21/2017 | 7:07 PM EDT
Gregory Kozak                                           Date

_____          _____
Zarko Mirkovic                                          Date

_____          _____
Srdjan Sumar                                             Date

_____          _____
For Lichten & Liss-Riordan. P.C.                 Date

_____          _____
For Winebrake & Santillo, LLC                   Date

_____          _____
For Barkan Meizlish, LLP                           Date

_____          _____
For FedEx Ground Package System, Inc.        Date

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:


_____          _____
Sanel Hodzic                                Date

_____          _____
Damir Mecan                                 Date

_____          _____
Theodore Guminey                            Date

_____          _____
Donald King                                 Date

_____          _____
Gregory Kozak                               Date

*Zarko Mirkovic*
04E6FCCC11A3413...
_____          3/22/2017 | 10:16 PM EDT
Zarko Mirkovic                              Date

_____          _____
Srdjan Sumar                                Date

_____          _____
For Lichten & Liss-Riordan. P.C.            Date

_____          _____
For Winebrake & Santillo, LLC               Date

_____          _____
For Barkan Meizlish, LLP                    Date

_____          _____
For FedEx Ground Package System, Inc.       Date

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:


_____    _____
Sanel Hodzic                                      Date

_____    _____
Damir Mecan                                       Date

_____    _____
Theodore Guminey                                  Date

_____    _____
Donald King                                       Date

_____    _____
Gregory Kozak                                     Date

_____    _____
Zarko Mirkovic                                    Date

*Srdjan Sumar*
CA2E6A146A8642D...
_____    3/21/2017 | 7:41 PM EDT
Srdjan Sumar                                      Date

_____    _____
For Lichten & Liss-Riordan. P.C.                  Date

_____    _____
For Winebrake & Santillo, LLC                     Date

_____    _____
For Barkan Meizlish, LLP                          Date

_____    _____
For FedEx Ground Package System, Inc.             Date